IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JULIUS HOBBS,

    Plaintiff,

v.                                    CASE NO.  4:17cv422-RH-CAS

FLORIDA BOARD OF BAR
EXAMINERS et al.,

    Defendants.

_____/

## ORDER ON SUMMARY JUDGMENT

      The plaintiff Julius Hobbs asserts claims under the Americans with Disabilities Act against the Florida Board of Bar Examiners and its executive director in her official capacity. This order confirms and briefly summarizes the ruling announced on the record of a hearing on February 22, 2019. Trial of the remaining claims is imminent. A plenary order will be entered after the trial. A more detailed order at this time would serve no purpose.

      Mr. Hobbs served in combat before returning to the United States and entering law school. While a first-year student, he submitted to the Florida Board of Bar Examiners a "Florida Registrant Bar Application." The Board allows and

indeed encourages first-year students to do this if they intend to apply for membership in the Florida Bar upon graduation.

Mr. Hobbs had been diagnosed with adjustment disorder and alcohol use disorder. The Board undertook an investigation and eventually insisted that Mr. Hobbs submit to an extensive evaluation by one of eleven doctors specified by the Board. The Board said Mr. Hobbs would be required to pay for the evaluation. The Board said Mr. Hobbs could contest the requirement at a hearing but would have to pay both a hearing fee and for the cost of a transcript. Deeming these requirements unlawful, Mr. Hobbs withdrew his application and filed this lawsuit. He intends to apply for admission to the Bar upon graduation from law school later this year.

The case was narrowed by earlier rulings. Still pending as of February 22 were cross-motions for summary judgment and a motion to dismiss on jurisdictional grounds. The ruling announced on the record narrowed the issues but did not resolve the entire case.

As it turns out, the Board's contested actions relate only to Mr. Hobbs's alcohol use and related diagnosis, not to any adjustment disorder. Mr. Hobbs has twice been arrested, though not convicted, for driving under the influence of alcohol. Two treating professionals diagnosed him with mild alcohol use disorder.

The defendants are correct that Mr. Hobbs can challenge in this action only practices that are likely to affect him when he again applies for membership in the

Florida Bar. It is certain, or nearly so, that he will apply. He has standing to challenge practices that will again affect him. His challenge to those practices is not moot.

The ADA applies to a person who has a physical or mental impairment that substantially limits a major life activity. 42 U.S.C. § 12102(1)(A). Mr. Hobbs denies that he has such an impairment. But the ADA also protects a person who has "a record of such an impairment," *id*. § 12102(1)(B), or who is "regarded as" having such an impairment, *id*. § 12102(1)(C). A person is "regarded as" having an impairment if the person is subjected to a prohibited action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). The record would support a finding that Mr. Hobbs has a record of a covered impairment or that the Board regard him as having such an impairment.

The Board reasonably concluded that Mr. Hobbs's history of DUI arrests, together with the other information available to the Board, warranted further investigation. And this remains true. Mr. Hobbs has a regular practice of drinking substantial amounts of beer—more than his last treating professional recommended. To be sure, since his last DUI arrest, he has performed well in school, and there is no evidence that he has suffered adverse effects of alcohol use. Extensive alcohol use and even alcoholism, without more, do not preclude a person

from practicing law. But they are matters the Board may investigate. The ADA does not prohibit the Board from continuing its investigation or from requiring Mr. Hobbs to submit to a professional evaluation of appropriate scope.

    A compelled evaluation may address only matters bearing on fitness to practice law. This may include alcohol use or abuse and related mental health. An evaluation may include those parts of a physical examination that relate to these subjects. The evaluation may include psychological testing only to the extent the testing is likely to produce information that bears on the relationship between any alcohol use or abuse and fitness to practice law. That a consultant recommends a procedure does not insulate the procedure from review under the ADA. Nor is it necessarily dispositive that a professional treating a willing patient routinely collects information or conducts tests of the same kind. Patients often willingly disclose information to treating professionals that the patients do not wish to disclose to the government—and that the patients cannot be compelled to disclose to the government without a reason.

    This record does not resolve without genuine dispute the question whether the ADA prohibits parts of the evaluation the Board demanded before Mr. Hobbs withdrew his application and is likely to demand again. Nor does the record resolve without genuine dispute the question whether Mr. Hobbs can be required to pay for the evaluation.

Case No.  4:17cv422-RH-CAS

For these reasons,

IT IS ORDERED:

1. The plaintiff's summary-judgment motion, ECF No. 75, is denied.

2. The defendants' motion to dismiss, ECF No. 78, and summary-judgment motion, ECF No. 81, are granted in part and denied in part.

3. The issues are narrowed as set out in this order and on the record of the February 22 hearing.

4. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on February 25, 2019.

                                  s/Robert L. Hinkle  
                                  United States District Judge